762 A.2d 273

MICHAEL S. KIMM, PLAINTIFF-APPELLANT, v. JIN CHA,
ASIATIC ACCUPRESSURE, INC. AND SUNNY A/K/A
ANGEL AHN, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted October 31, 2000—Decided November 28, 2000.

Before Judges PRESSLER, CIANCIA and ALLEY.

*Kimm, Grant & Weinhaus,* attorneys for appellant (*Michael S. Kimm,* on the brief).

No brief has been filed on behalf of respondents.

The opinion of the court was delivered by

CIANCIA, J.A.D.

Plaintiff Michael S. Kimm, Esq., appeals from the denial of his application to restrain fee arbitration with his former clients, defendants Jin Cha, Asiatic Accupressure, Inc. and Sunny a/k/a Angel Ahn. The effect of the denial was to preclude litigation previously initiated by Kimm and compel fee arbitration. On the facts here presented, we believe plaintiff should have been permitted to continue the litigation against defendants and should not have been required to enter into fee arbitration.

The details of plaintiff's representation of defendants are not significant in the present context. Suffice it to say that representation was provided and legal fees in the amount of $25,500 are claimed as owing and unpaid. On July 16, 1999, plaintiff sent his former clients a letter briefly reciting the terms of their agreement and requesting payment of $25,500 that had been previously billed. The concluding paragraph of the letter set forth the notice required by *R.* 1:20A–6:

> In accordance with *R.* 1:20A–6 of the New Jersey Rules of Court, a client has a right to demand an arbitration regarding any portion of the client's fee obligation by making this request in writing within 30 days of receiving this letter. If you seek an arbitration, you should call the Secretary of the Fee Arbitration Committee of your County, request a copy of the forms, and file the forms with a copy to my office. If you do not communicate with the Fee Committee within 30 days of this letter, you shall waive your right to seek fee arbitration. The Fee Committee's

address is: Terrence J. Corriston, Esq., District II–A (North Bergen County), Breslin & Breslin, 41 Main Street, Hackensack, New Jersey 07601(201) 342–4014.

Kimm's letter was received and signed for, apparently by defendant Jin Cha, on August 3, 1999. No request for arbitration was made within thirty days. Indeed, no request for arbitration was made until sometime around early January 2000, approximately four months after the thirty-day time period had elapsed and after defendants had been served with the Law Division complaint that plaintiff had filed on September 15, 1999. Defendants sent their arbitration request to the Fee Committee Secretary of District II A as per the information in plaintiff's letter.

Plaintiff is a member of a firm that has its New Jersey offices on Main Street in Hackensack. As it turns out, the proper fee committee district for plaintiff's location is not District II–A in Hackensack, but rather District II–B in Hackensack. The District II–A Secretary realized this and promptly sent the defendants' arbitration request from his office at 41 Main Street to the Secretary of District II–B, whose office was at 25 Main Street.

The Secretary for District II–B then did a number of things. He sent plaintiff a copy of the fee arbitration form and in the accompanying letter provided plaintiff with various details about the impending arbitration. The letter also stated that if a lawsuit was pending, plaintiff must request that it be stayed pending resolution by the Fee Committee. In a letter to the Bergen County Superior Court Civil Division Manager, the II–B Committee Secretary advised that he had determined that the request for arbitration was appropriate. He noted that plaintiff's complaint against defendants, which he had apparently reviewed, did not state that the clients had been given pre-action notice. In the Secretary's view, the complaint "should not have been docketed in the first place." [1] He requested that the litigation be stayed pending arbitration.

---

[1] *R.* 1:5–6(c) provides that the clerk *"shall* file all papers presented for filing" with certain exceptions not here relevant. So too, *R.* 4:100 provides that the clerk or deputy clerk of the Superior Court *"shall* enter each action in the civil

Plaintiff next sent a letter to the District II–B Secretary, stating that the Fee Arbitration Committee did not have jurisdiction and the arbitration proceeding should be dismissed. Plaintiff also amended his complaint to include a copy of his pre-action notice to defendants. The amendment was apparently accomplished before defendants filed a responsive pleading. *R.* 4:9–1.

Approximately four weeks after sending this letter to the District Secretary, plaintiff filed an order to show cause why arbitration should not be enjoined. The accompanying certification stated, in part, that plaintiff had not received any response to the letter he sent to the District Secretary. In response to plaintiff's motion, the District Secretary wrote to the court asserting he had conferred with an attorney in the Office of Attorney Ethics who agreed that plaintiff's pre-action notice was deficient. The Secretary also noted that plaintiff's complaint had failed to state that plaintiff had complied with the arbitration rules.

Plaintiff's request to have arbitration restrained so that the litigation could go forward was subsequently denied. The trial judge believed that an order to show cause was not the proper procedural vehicle, but on a substantive level he concluded that plaintiff's pre-action notice was "insufficient" under *R.* 1:20A–6. The judge relied on *Chalom v. Benesh*, 234 *N.J.Super.* 248, 560 *A.2d* 746 (Law Div.1989) for the proposition that *R.* 1:20A–6 must be strictly interpreted.

On appeal, plaintiff contends the pre-action notice he provided to his former clients was sufficient to preclude arbitration if arbitration was not timely requested and also was sufficient to allow litigation on the claim. Additionally, he raises issues concerning the proper role of a District Fee Arbitration Secretary in circumstances such as these. We agree with plaintiff that on the

---

docket. Upon the filing of the first paper in any action the clerk *shall* assign a docket number to the action . . . ." (emphasis ours). Nothing in the fee arbitration rules is to the contrary.

facts here presented arbitration should have been precluded in favor of the pending litigation.

 Without in any way denigrating the salutary purposes of our fee arbitration rules, *In re LiVolsi,* 85 *N.J.* 576, 428 *A.*2d 1268 (1981), we make what we hope is an unremarkable observation that the rules must be administered fairly to both sides. As Chief Justice Wilentz said in *LiVolsi,* "we find the *R.* 1:20A arbitration scheme to be fair to both clients and lawyers." *Id.* at 600, 428 *A.*2d 1268. That mutual fairness requires both sides to meet their respective obligations under the rules. The rules are not to be administered so as to mandate arbitration under any and all circumstances. Here, the former clients received notice that complied with *R.* 1:20A–6 in all respects except that plaintiff, quite understandably, referenced the wrong district and secretary in Hackensack. The mistake was not significant as it related to the clients' obligation to request arbitration within thirty days after receiving pre-action notice. *R.* 1:20A–6 makes clear that a client who fails to file the request for fee arbitration within thirty days after receiving pre-action notice shall lose the right to initiate fee arbitration. Had the clients' request for arbitration been timely made, submission of the request to the wrong district would have been insignificant and arbitration would have properly proceeded. So too, if the misinformation in the pre-action notice could in any way have caused a significant delay in the clients' request, we would have a very different situation. Here, however, the clients did nothing for approximately four months after the thirty-day period had elapsed. They did nothing until the complaint was served on them and even then they appear to have waited over three weeks before requesting arbitration. In our view, the equities of the present situation do not marshal in favor of defendants and arbitration. The opportunity for arbitration was lost when defendants failed to request it within thirty days after receiving pre-action notice.

We do not address the additional issues concerning the proper role of a District Fee Arbitration Secretary in a dispute of this

nature. At some point, a Secretary can become too adversarial and the advocacy on behalf of those seeking arbitration may go farther than is warranted. We do not decide whether that line was crossed in this case. We observe only that the line is unclear. This is an administrative subject more properly addressed by an appropriate Supreme Court committee.

The order denying restraint of arbitration is hereby vacated. Plaintiff shall be allowed to proceed with the fee litigation against defendants.

Reversed.